IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DELANO GASKINS,**

    **Petitioner,**

**v.**                                       **CIVIL ACTION NO. 1:16CV98**
                                               **CRIMINAL ACTION NO. 1:11CR85**
                                               **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15]

On May 23, 2016, the pro se petitioner, Delano Gaskins ("Gaskins"), filed a petition pursuant to 28 U.S.C. § 2255, relying on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court of the United States held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague (dkt. no. 1). Gaskins had not been sentenced under the ACCA, but rather as a career offender under § 4B1.2(a)(2) of the United States Sentencing Guidelines, which contains a similarly worded residual clause. Based on the similar language, Gaskins argued that § 4B1.2(a)(2) was also unconstitutionally vague and he therefore should not have been subject to the enhanced sentence as a career offender. Id. at 2-3.

On June 22, 2016, the Court appointed Federal Public Defender Katy J.Cimino to represent Gaskin, who, on the same day, refiled the petition (dkt. no. 6). The Court referred the petition to United States Magistrate Judge Robert W. Trumble for initial

screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

On May 16, 2017, Magistrate Judge Trumble issued his R&R (dkt. no. 15), in which he concluded that the petition should be denied and dismissed with prejudice because of the recent decision by the Supreme Court of the United States in Beckles v. United States, 137 S. Ct. 886, 888 (2017). In Beckles, the Supreme Court held that the residual clause in §4B1.2(a)(2) of the United States Sentencing Guidelines that defines "crime of violence" was "not subject to vagueness challenges under the Due Process Clause of the Fifth Amendment because the advisory Guidelines do not fix the permissible range of sentences. They merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Id. Consequently, Gaskins's argument that Johnson renders his sentence void has been rendered moot by Beckles, and his petition must be denied.

The R&R also specifically warned Gaskins that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue (dkt. no. 15 at 3). The parties did not file any objections.[1]

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells

**GASKINS V. UNITED STATES OF AMERICA**                                                **1:16CV98**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15]**

Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 15), **DENIES** and **DISMISSES WITH PREJUDICE** Gaskins's petition (dkt. no. 6), and **ORDERS** that this case be stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the petitioner, certified mail, return receipt requested.

Dated: June 7, 2017.

                                                                      /s/ Irene M. Keeley
                                                                      IRENE M. KEELEY
                                                                      UNITED STATES DISTRICT JUDGE